SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| BRADFORD D. LUND, an individual; WILLIAM S. LUND, and SHERRY L. LUND, husband and wife, | ) Arizona Supreme Court ) No. CV-12-0349-PR ) ) |
| Petitioners, | ) Court of Appeals ) Division One ) No. 1 CA-SA 12-0027 |
| v. | ) ) |
| THE HONORABLE ROBERT D. MYERS, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Maricopa, | ) Maricopa County ) Superior Court ) No. PB2009-002244 ) ) |
| Respondent Judge, | ) **O P I N I O N** ) |
| | ) |
| MICHELLE A. LUND, DIANE DISNEY MILLER, KRISTEN LUND OLSON, and KAREN LUND PAGE, | ) ) ) ) |
| Real Parties in Interest, | ) ) |
| | ) |
| JENNINGS, STROUSS & SALMON, P.L.C., | ) ) ) |
| Intervenor. | ) ) ) |

Appeal from the Superior Court in Maricopa County
The Honorable Robert D. Myers, Judge

**VACATED AND REMANDED**

_____

Opinion of the Court of Appeals, Division One
230 Ariz. 445, 286 P.3d 789 (App. 2012)

**VACATED**

_____

JONES, SKELTON & HOCHULI, P.L.C.                          Phoenix
     By   A. Melvin McDonald

And

SHUMWAY LAW OFFICES, P.L.C.                              Scottsdale
     By   Jeff A. Shumway
Attorneys for Bradford D. Lund

MEYER HENDRICKS, PLLC                                    Phoenix
     By   Ed F. Hendricks, Jr.
          Brendan A. Murphy
          W. Douglas Lowden
Attorneys for William S. Lund and Sherry L. Lund

BURCH & CRACCHIOLO, P.A.                                 Phoenix
     By   Daryl Manhart
          Bryan F. Murphy
          Jessica Conaway
Attorneys for Michelle A. Lund, Diane Disney Miller, Kristen
Lund Olson, and Karen Lund Page

JENNINGS, STROUSS & SALMON, P.L.C.                       Phoenix
     By   John J. Egbert
          J. Scott Rhodes
Attorneys for Jennings, Strouss & Salmon, P.L.C.

---

**B R U T I N E L**, Justice

**¶1**      We address when a trial court, in deciding issues of privilege and waiver, may review in camera allegedly privileged documents that were inadvertently disclosed.[1]  We hold that before reviewing a particular document, a trial court must first determine that in camera review is necessary to resolve the privilege claim.

---

[1]     For ease of reference, we refer to all documents at issue in this case as "privileged" even though some documents are claimed only to be protected trial-preparation material.

2

¶2     This litigation began in 2009, when relatives of Bradford Lund (the real parties in interest in this case, collectively, "Miller") sought the appointment of a guardian and conservator to manage Bradford's assets.  Bradford, his father, and his stepmother (collectively, "the Lunds") opposed the appointment.

¶3     In September 2011, Miller's counsel, Bryan Murphy of Burch & Cracchiolo ("B&C"), served the law firm Jennings, Strouss & Salmon ("JS&S"), which had previously represented Bradford in petitioning for the appointment of a guardian, with a subpoena duces tecum requesting all non-privileged information relating to Bradford.  Mistakenly believing that Murphy represented Bradford, a JS&S attorney responded to the subpoena by delivering the entire client file to Murphy without reviewing it for privileged information.

¶4     Early in October, Bradford's attorney, Jeff Shumway, learned that JS&S had given Bradford's file to Murphy.  Shumway told Murphy by email that he believed the file contained at least two privileged documents that should be returned.  Murphy replied that he would wait to hear from Shumway, who responded he would inform Murphy if further review revealed other privileged documents.  After not hearing further from Shumway for three weeks, Murphy distributed the entire file to all other counsel in

the case, as well as a court-appointed investigator, as part of Miller's second supplemental disclosure statement.

**¶5** On November 14, the Lunds filed a motion to disqualify Murphy and B&C on the ground that they had "read, kept, and distributed" privileged materials. The next day, JS&S moved to intervene to file a motion to compel Murphy and B&C to comply with the rules applicable to inadvertent disclosure, Ethical Rule 4.4(b) and Arizona Rule of Civil Procedure 26.1(f)(2).

**¶6** On November 16, the Lunds filed an emergency motion to prevent Murphy from disclosing the file to the court and for an order that it be returned to JS&S. At a November 29 hearing, the trial court permitted Murphy to retain the file, but directed him to not copy any documents from the file or convey them to anyone. The court also ordered JS&S to create a privilege log, which JS&S filed with the court on December 9. On January 9, 2012, the court granted JS&S's motion to intervene.

**¶7** In a January 13 minute entry, the trial court recognized its obligation to determine whether the documents were in fact privileged and directed JS&S to file under seal a detailed explanation of the legal basis for the privilege claim, attached to each allegedly privileged document. Each counsel was to receive a copy of this explanation, including the documents. After allowing the other parties to respond, the court intended to review the documents and counsels' arguments before ruling on

4

whether each document was privileged.

**¶8**     On January 19, the Lunds objected to the trial court reviewing the documents in camera, arguing that Miller must first provide evidence that the documents are not privileged and requesting in the alternative that another judge conduct the review.   JS&S moved to extend the deadline for filing the privilege explanations and documents, but the court denied the motion and ordered JS&S to file them on January 31.   The court stated it would rule on the Lunds' objection to any in camera review before reviewing the documents.   The Lunds then filed a petition for special action with the court of appeals and requested a stay of the superior court's orders.

**¶9**     The court of appeals accepted jurisdiction and granted a stay.  *Lund v. Myers ex rel. Cnty. of Maricopa*, 230 Ariz. 445, 449 ¶ 12, 286 P.3d 789, 793 (App. 2012).   The court ultimately held that although the plain language of Rule 26.1(f)(2) seemingly placed no limitations on the receiving party's right to present the inadvertently disclosed documents to the court under seal or on the court's ordering the disclosing party to do the same, such a broad reading would conflict with the receiving party's duty under that rule to "return, sequester, or destroy" the privileged documents and with Arizona Rule of Civil Procedure 26(g).  *Id.* at 453 ¶¶ 25-26, 286 P.3d at 797.   The court reasoned that the receiving party did not have "an unqualified right to

5

file privileged information with the court," but could obtain in camera review only after complying with procedural rules and showing that (a) "specific documents are likely not privileged" or (b) "the privilege has been waived." *Id.* ¶ 27. Finally, the court concluded that if Miller met this threshold, a judicial officer not permanently assigned to the case should conduct the in camera review given the "unique circumstances" of the case. *Id.* at 456 ¶ 38, 286 P.3d at 800.

**¶10** We granted review to clarify our rules regarding the inadvertent disclosure of privileged information, a legal issue of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

**¶11** When a party has inadvertently disclosed privileged information, Rule 26.1(f)(2) outlines the proper procedure for claiming privilege and resolving any dispute.[2] The party who claims that inadvertently disclosed information is privileged should "notify any party that received the information of the

---

[2] Arizona Rule of Civil Procedure 45(c)(5)(C)(ii) provides the same procedure for a person who has inadvertently produced privileged documents in response to a subpoena. While A.R.S. § 12-2234 states that "an attorney shall not, without the consent of his client, be examined as to any communication made by the client to him," the statute does not address inadvertent document disclosure.

6

claim and the basis for it." Ariz. R. Civ. P. 26.1(f)(2). Once the receiving party has been notified of the privilege claim, that party "must promptly return, sequester, or destroy the specified information . . . and may not use or disclose the information until the claim is resolved." *Id.*; *accord* Fed. R. Civ. P. 26(b)(5)(B). Our rule, like its federal counterpart, "is intended merely to place a 'hold' on further use or dissemination of an inadvertently produced document that is subject to a privilege claim until a court resolves its status or the parties agree to an appropriate disposition." Ariz. R. Civ. P. 26.1(f)(2) State Bar committee's note to 2008 amend.

¶12 Ethical Rule 4.4(b) also addresses inadvertent disclosures, providing that a "lawyer who receives a document and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender and preserve the status quo for a reasonable period of time in order to permit the sender to take protective measures." Together, these provisions emphasize that a receiving party has a duty to suspend use and disclosure of the allegedly privileged documents until the privilege claim has been resolved either through agreement or court ruling.

¶13 The receiving party may contest the privilege claim by asserting that the documents are not privileged or that the disclosure has waived the privilege. To have the trial court

7

resolve the privilege dispute, the receiving party should "promptly present the information to the court under seal for a determination of the claim." Ariz. R. Civ. P. 26.1(f)(2). This procedure allows the court to act as a repository for the documents while the parties litigate the privilege claim.

¶14     Unlike the court of appeals, we do not find that a receiving party who presents the information under seal to the court thereby violates Rule 26.1(f)(2) by using the information and failing to return, sequester, or destroy it. *See Lund*, 230 Ariz. at 453 ¶ 26, 286 P.3d at 797. The prohibition in Rule 26.1(f)(2) on the "use" of the documents does not preclude filing the documents with the court under seal or other conduct allowed by the rules. *See* Fed. R. Civ. P. 26(b)(5)(B) advisory committee's note to 2006 amend. (stating that the receiving party may not use the information "pending resolution of the privilege claim," but that it "may present to the court" the questions of privilege and waiver). Counsel may sequester the documents, including filing them under seal; make good faith efforts to resolve the issue with opposing counsel, *see* Ariz. R. Civ. P. 26(g); and, if necessary, move for the court's resolution of the issue. Although each of these actions involve a literal "use" of the documents, Rule 26.1(f)(2) contemplates that the privilege claim may be "resolved" through such use.

¶15     If the allegedly privileged documents are filed under

8

seal with the trial court, the court may not view the documents until it has determined, as to each document, that in camera review is necessary to resolve the privilege claim. Such review may be required if the receiving party makes a factual showing to support a reasonable, good faith belief that the document is not privileged. *Cf. United States v. Zolin*, 491 U.S. 554, 572 (1989) (requiring a threshold showing to be made before the court could perform in camera review to determine whether the crime-fraud exception to the privilege applies); *Kline v. Kline*, 221 Ariz. 564, 573 ¶ 35, 212 P.3d 902, 911 (App. 2009) (holding that a party must present prima facie evidence to invoke the crime-fraud exception). Any documents found to be non-privileged may be used in the litigation and any documents determined to be privileged must be returned to the disclosing party or destroyed.

¶16    If the receiving party does not contest the disclosing party's claim of privilege, the court need not determine the privilege issue or review the undisputedly privileged documents filed under seal. *See* Fed. R. Civ. P. 26(b)(5)(B) advisory committee's note to 2006 amend. The receiving party in this situation must either return or destroy the documents and any copies. Ariz. R. Civ. P. 26.1(f)(2).

¶17    With these principles in mind, we consider whether the trial court in this case abused its discretion in its rulings regarding the disputed documents. *See State Farm Mut. Auto.*

*Ins. Co. v. Lee*, 199 Ariz. 52, 57 ¶ 12, 13 P.3d 1169, 1174 (2000) (noting that discovery rulings relating to privilege are reviewed for abuse of discretion). Here, because the Lunds' motion to disqualify is based on Murphy's disclosure of allegedly privileged materials in violation of Rule 26.1(f)(2), the trial court must determine whether the documents are indeed privileged. To that end, the court properly ordered JS&S to produce a privilege log and Miller and Bradford to file a response.

¶18 The trial court, however, erred by ruling that it would review all the documents to determine whether they are privileged. The court should have awaited the responses to the privilege log and considered the parties' arguments regarding privilege and waiver to determine whether in camera review was warranted for particular documents before reviewing them.

¶19 If in camera review is needed, the trial judge should consider whether another judicial officer should conduct the review in light of the possibility that a review of privileged materials may be so prejudicial as to require the judge's recusal. If the trial judge conducts an in camera review and upholds the privilege claim, the judge should consider whether recusal is then necessary, *see* Ariz. Code of Judicial Conduct Rule 2.11, and a party who can show actual bias may, of course, move for the judge's removal for cause, *see* Ariz. R. Civ. P.

42(f)(2); *see also* A.R.S. § 12-409(B).

¶20      After the trial court rules on the privilege and waiver issues, the court shall consider the pending motion to disqualify Murphy and B&C.  Miller has not yet responded to that motion, and we decline to comment on its merits or on the related issue whether, by seeking disqualification, Bradford waived the attorney-client privilege.  These issues are appropriately determined by the trial court in the first instance.

**III.**

¶21      For the foregoing reasons, we vacate the court of appeals' opinion and the trial court's January 13, 2012 order and remand to the trial court for proceedings consistent with this opinion.

_____
                  Robert M. Brutinel, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
Scott Bales, Vice Chief Justice

_____
John Pelander, Justice

_____
Ann A. Scott Timmer, Justice

11