NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLIAM J. MYERS, JR., *Plaintiff/Appellant*,

*v.*

FREESCALE SEMICONDUCTOR INC, *Defendant/Appellee*.

No. 1 CA-CV 17-0745
FILED 11-29-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-092450
The Honorable David King Udall, Judge

**AFFIRMED**

COUNSEL

Williams J. Myers, Jr., Chandler
*Plaintiff/Appellant*

Ogletree Deakins Nash Smoak & Stewart PC, Phoenix
By Leah S. Freed
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1             William J. Myers, Jr., appeals from the final judgment dismissing his complaint with prejudice.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             Myers is a former employee of Freescale Semiconductor, Inc. Freescale terminated Myers's employment in 2011 after conducting a sexual harassment investigation.

¶3             In 2012, Myers sued Freescale for wrongful termination based on age and sex discrimination, defamation, and conversion (the "First Lawsuit").   After Freescale removed the case to federal district court, Freescale moved for summary judgment and submitted a declaration by Victoria Brush, its human resources manager, summarizing her investigation of Myers for sexual harassment (the "Brush Declaration").  In response, Myers alleged that Brush's signature on the Brush Declaration had "obviously been forged."  The district court granted Freescale's motion for summary judgment and terminated the case, finding that Myers's "age and gender discrimination claims fail for lack of evidence."   The court found that Myers had not offered any evidence that Freescale's reasons for firing him were pretextual and held that the "uncontroverted evidence" established that Freescale articulated legitimate non-discriminatory reasons for terminating Myers and that Freescale's reasons were sincere.

¶4             Several months later, Myers filed four post-judgment motions in district court alleging various causes of action for libel, fraud, contempt, slander, and perjury against Freescale employees and Freescale's attorney of record.  The district court denied Myers's motions and ordered them stricken, declaring the motions "groundless, harassing and frivolous."  The district court also ordered the clerk not to accept any further pleadings from Myers without prior judicial authorization.

¶5             Almost two years later, Myers filed a motion alleging "Fraud on the Court."   Myers attached the affidavit of Judith A. Housley (the

"Housley Affidavit"), in which Housley opined that the signatures on the Brush Declaration and another statement signed by Brush came from two different authors. The district court denied Myers's motion, finding it was barred by the requirement that Federal Rule of Civil Procedure ("Federal Rule") 60(b) motions be filed within a reasonable time, and by the requirement that Federal Rule 60(b)(3) motions based on fraud be filed within one year after entry of judgment. The United States Court of Appeals for the Ninth Circuit dismissed as untimely Myers's appeal (to which he again attached the Housley affidavit to show fraud on the court and forgery).

¶6 In 2013, Myers filed a new complaint for unpaid wages and conversion (the "Second Lawsuit"), which the district court dismissed on claim preclusion grounds. The district court awarded Freescale its attorney's fees, finding that Myers's action was "groundless and frivolous."

¶7 In 2015, Myers filed a complaint against Freescale in superior court alleging defamation and "Termination of Employment" (the "Third Lawsuit"). The court dismissed the lawsuit with prejudice on claim preclusion and statute of limitations grounds, and awarded Freescale its costs and attorney's fees.

¶8 Later in 2015, Myers filed another complaint against Freescale for "Forgery/Fraud" stemming from the Brush Declaration in the First Lawsuit, as well as defamation, termination of employment, and conversion (the "Fourth Lawsuit"). The superior court dismissed the case with prejudice on claim preclusion grounds and awarded Freescale its attorney's fees based on a finding that Myers had filed the Fourth Lawsuit "without substantial justification." *See* Ariz. Rev. Stat. ("A.R.S.") § 12-349(A)(1).

¶9 In 2016, Myers filed the instant lawsuit (the "Fifth Lawsuit"), alleging fraud on the court and breach of good faith and fair dealing. The fraud on the court claim was premised on Freescale allegedly presenting false statements in the First Lawsuit and again asserted that the Brush Declaration was a forgery. Myers also referenced Freescale's investigation into the sexual harassment claims against him that led to his termination, alleging that the investigation was limited and that no women had ever accused him of sexual harassment. The breach of good faith and fair dealing claim was based on Freescale's alleged wrongful termination of Myers, asserting that he was improperly replaced by a younger, lower-salaried employee. In his prayer for relief, Myers requested that Freescale implement policies to end its unlawful employment practices.

¶10        Freescale moved for summary judgment, contending that claim preclusion barred Myers's fraud claim and that the forgery allegation was baseless.  With respect to the breach of good faith and fair dealing claim, Freescale argued claim preclusion, as well as preemption under Arizona's Employment Protection Act.  Freescale also asserted that the claim was time barred.  Freescale submitted another declaration from Brush confirming that the signature on the Brush Declaration was her true and correct signature.  In addition, Freescale filed a counterclaim for abuse of process.

¶11        The superior court granted Freescale's motion for summary judgment, finding that claim preclusion barred all of Myers's claims and that the good faith and fair dealing claim was preempted by the Arizona Employment Protection Act.

¶12        Myers filed two motions for relief of judgment, as well as a motion to vacate the judgment on his fraud on the court claim.  The superior court denied all three motions.  The court granted Freescale's request for attorney's fees and costs, awarding a total of $40,023.75.

¶13        Myers timely appealed.

## DISCUSSION

### I.        Jurisdiction.

¶14        This court has jurisdiction to consider an appeal from a "final judgment," one that disposes of all claims and parties.  A.R.S. § 12-2101(A)(1); *Kim v. Mansoori*, 214 Ariz. 457, 459, ¶ 6 (App. 2007).  To be considered final, a judgment disposing of all claims and parties must include a certification of finality under Arizona Rule of Civil Procedure 54(c).  *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 427–28, ¶ 12 (App. 2016).  But a judgment that does not dispose of all claims and parties does not become final and appealable simply because it includes Rule 54(c) language.  *Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 11 (App. 2014).  We review de novo the superior court's determination of finality.  *Id*. at 223, ¶ 3.

¶15        Myers argues that the superior court's judgment is defective because, notwithstanding Rule 54(c) finality language, the ruling did not expressly address Freescale's abuse of process counterclaim.  But the record and the parties' appellate briefing establish that the superior court implicitly dismissed Freescale's counterclaim, a dismissal that Freescale has

not challenged. Accordingly, the judgment is final and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## II.    Claim Preclusion.

**¶16**        Myers argues that the court erred by dismissing his fraud on the court claim on the basis of claim preclusion; he does not challenge the dismissal of his good faith and fair dealing claim. We review a prior judgment's claim preclusive effect de novo. *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009). Because a federal court issued the judgment in the First Lawsuit, federal law defines its preclusive effect. *In re Gen. Adjudication of All Rights to Use Water in the Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 13 (2006).

**¶17**        Claim preclusion bars a claim when a prior suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted). Myers does not dispute that the First Lawsuit reached a final judgment on the merits and involved identical parties, but rather argues that the First Lawsuit involved a completely different claim.

**¶18**        To determine whether an identity of claims exists, we consider four criteria:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Id.*; *see also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). The most important criterion is whether the two suits arise out of the same transactional nucleus of facts. *Costantini*, 681 F.2d at 1202. This analysis focuses on whether two events "are related to the same set of facts and whether they could conveniently be tried together." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(2) (1982)).

**¶19**        Here, the First Lawsuit and the Fifth Lawsuit arise out of the same transactional nucleus of facts—Freescale's actions related to Myers's termination of employment—and could have conveniently been tried

together. *See Mpoyo*, 430 F.3d at 987 (reasoning that the second lawsuit related to employer's conduct leading to employee's termination was barred by claim preclusion). Myers opposed summary judgment in the First Lawsuit by asserting that the signature on the Brush Declaration (which described Freescale's investigation of Myers's conduct leading to his termination) had "obviously been forged," but the district court nevertheless ruled against him. And after the district court entered judgment in the First Lawsuit, Myers filed a post-judgment motion alleging "Fraud on the Court" based on the same Housley Affidavit attached to the Fifth Lawsuit's complaint. The district court denied the motion. Thus, Myers's allegations in the Fifth Lawsuit concerning the authenticity (and accuracy) of the Brush Declaration, as well as Freescale's actions during the investigation into harassment claims against him, were previously litigated and decided against him in the First Lawsuit. *See W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (claim preclusion bars re-litigation of claims that have already been litigated or could have been litigated in a prior action).

**¶20**      As evidenced throughout the litigation, Myers alleged fraud upon the court in the Fifth Lawsuit to revive his original discrimination claim from the First Lawsuit. The complaint in the Fifth Lawsuit made multiple references to Freescale's actions during the sexual harassment investigation, alleging that Freescale never conducted an extensive internal investigation and that no women had ever alleged that Myers inappropriately touched them. In the prayer for relief in the complaint, Myers again referenced the original discrimination claim and requested that Freescale be ordered to create workplace policies to eradicate its unlawful employment practices. And, again based on the same actions, Myers moved (unsuccessfully) to amend his complaint in the Fifth Lawsuit to add all three of his claims from the First Lawsuit—age discrimination, conversion, and defamation. Furthermore, he later requested punitive damages and alleged that the case began with a "slanderous email" from a senior executive at Freescale and resulted in the human resources manager defaming Myers.

**¶21**      Myers's ultimate goal in this case clearly mirrored that of his previous cases; in fact, he acknowledged in superior court that he has "been suing [Freescale] for damages from [w]rongful termination for more than four and a half years with no Jury Trial." Thus, the Fifth Lawsuit arises out of the same transactional nucleus of facts as the previous lawsuits.

**¶22**      With respect to the remaining three criteria, *see Mpoyo*, 430 F.3d at 987, Freescale's interest in finality of the judgment in the First

Lawsuit would be impaired if the Fifth Lawsuit were allowed to continue. Both the First and the Fifth Lawsuits involve alleged infringement of the same rights related to the investigation into Myers and termination of his employment, although the Fifth Lawsuit is one step removed (alleging lies about the investigation). Finally, Myers presented the same evidence—the Housley Affidavit—in the Fifth Lawsuit as he did in the First Lawsuit's post-judgment motions. Accordingly, the superior court did not err by finding Myers's claim for fraud on the court to be barred by claim preclusion.

## III. Myers's Discovery Motions.

¶23 Myers also argues that the superior court erred by not permitting him to complete discovery. We review the superior court's discovery and disclosure rulings for an abuse of discretion. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013).

¶24 Myers contends that the superior court improperly (1) denied his motions to compel production of documents related to Freescale's sexual harassment investigation, (2) denied his request for the court to conduct an in camera review of Freescale's privilege log, and (3) failed to permit Myers to depose Freescale's custodian of records. But Myers's brief on appeal fails to offer any legal authority to support his contentions and fails to otherwise explain how the superior court's rulings were an abuse of discretion. *See* ARCAP 13(a)(7)(A); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (failure to develop argument on appeal results in waiver).

¶25 Moreover, the record does not support Myers's claims of error. Freescale avers that it fully complied with its disclosure obligations, including providing a privilege log for undisclosed items, and Myers offers no record evidence to controvert that avowal. And Myers in fact deposed Brush, who was also Freescale's listed custodian of records, concerning the documents produced by Freescale. Finally, Myers failed to even argue that the documents he requested for in camera review were not privileged, much less make a "factual showing to support a reasonable, good faith belief that the document is not privileged." *See Lund v. Myers*, 232 Ariz. 309, 312, ¶ 15 (2013). We thus affirm the superior court's discovery rulings.

## IV. Post-Judgment Motions.

¶26 Myers contends that the superior court erred by denying his post-judgment motions asserting fraud on the court. We review this denial for an abuse of discretion. *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241, ¶ 20 (App. 2012).

7

¶27 First, Myers failed to develop any legal argument to support this claim of error on appeal. *See* ARCAP 13(a)(7)(A). Moreover, the allegations in Myers's post-judgment motions (which largely restated the allegations of his complaint) do not affect the basis of the superior court's ruling that because Myers had previously litigated the same claims, his claims in the Fifth Lawsuit were barred by claim preclusion as a matter of law. Thus, the superior court did not abuse its discretion by denying Myers's post-judgment motions.

## V. Attorney's Fees and Costs on Appeal.

¶28 Freescale requests an award of its attorney's fees and costs on appeal, as relevant here, under A.R.S. § 12-349 and ARCAP 25. The statute permits an award of reasonable attorney's fees if a party brings a claim "without substantial justification," meaning a claim that "is groundless and is not made in good faith." A.R.S. § 12-349(A)(1), (F); *see also* ARCAP 25 (authorizing sanction of costs or attorney's fees for a frivolous appeal).

¶29 Based on our review of the record and the briefing on appeal, we conclude that Myers brought this action and filed this appeal without substantial justification, and that the appeal is frivolous. *See* A.R.S. § 12-349(A)(1), (F). Myers has filed five lawsuits related to the sexual harassment investigation and his termination of employment. In three prior cases (the Second, Third, and Fourth Lawsuits), courts have found Myers's lawsuits barred by claim preclusion. Despite the initial dismissal of the First Lawsuit and the three previous dismissals based on claim preclusion, Myers brought the Fifth Lawsuit asserting the same claims, which remain barred by claim preclusion. A plaintiff who repeatedly brings litigation over the same issue after courts have previously stated he is barred from doing so, does so "without substantial justification." *See* A.R.S. § 12-349(F). Accordingly, and having considered all relevant factors set forth in § 12-350, we award Freescale reasonable attorney's fees and costs on appeal as a sanction against Myers under A.R.S. § 12-349 and ARCAP 25, contingent upon Freescale's compliance with ARCAP 21.

## CONCLUSION

¶**30** For the foregoing reasons, we affirm. We award reasonable attorney's fees and costs on appeal to Freescale upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA