NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In Re the Marriage of:

YADY DIAZ PINEDA, *Petitioner/Appellee,*

*v.*

ROBERT J. CAMPOS, *Respondent/Appellant.*

No. 1 CA-CV 24-0912 FC

FILED 08-07-2025

Appeal from the Superior Court in Maricopa County
No.  FN2024-051857
The Honorable Hope E. Fruchtman, Commissioner

**AFFIRMED**

COUNSEL

Law Offices of Kamille Dean, P.C.
By Kamille R. Dean
*Counsel for Respondent/Appellant*

Yady Diaz Pineda
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice-Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

¶1          Robert Campos ("Husband") appeals the superior court's order continuing an order of protection issued in favor of Yady Diaz Pineda ("Wife") and imposing firearm restrictions. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Late one night in October 2024, Wife returned home from dinner with her coworkers only to be confronted by Husband. The next day, Wife filed a police report alleging Husband assaulted her, adding that similar abuse had occurred throughout their six-year marriage. Two days later, Wife petitioned for an order of protection.

¶3          Wife alleged that, on the night of the confrontation, she walked into her home to find Husband. He was recording her with his phone and calling her names. Husband followed Wife through the house, accusing her of infidelity and reaching under her dress. Husband then grabbed her by the arms to turn her around to face him. Wife also alleged an earlier incident. During an argument in January 2024, Husband grabbed her by the arms, shook her, and cursed at her. Finally, Wife alleged that Husband owned or carried a firearm or other weapons and requested restrictions on his ability to do so.

¶4          The superior court issued an *ex parte* order of protection that found Husband posed a credible threat to Wife and imposed firearm restrictions pursuant to Arizona Revised Statutes Section 13-3602(G)(4). Husband timely requested a hearing to contest the order of protection.

¶5          At the hearing, Wife testified consistent with the allegations in her petition and introduced a video recording of the confrontation. Husband disputed Wife's description of the confrontation. He explained that before the confrontation, he had already retained counsel to file for divorce. He admitted that he was angry because he had been waiting all

day for her to come home so he could confront her, but his sole intention was to talk to her and try to salvage their marriage. Husband testified he did nothing to stop Wife from leaving that night and denied that any physical contact occurred.

¶6        The superior court found Wife was more credible than Husband and that Husband's aggressive behavior in the video exhibit led it to believe the confrontation involved some physical contact. The court upheld the order of protection on that basis. Husband asked the court to remove the firearm restriction; the court denied his request on the ground that federal firearm restrictions are "mandatory" when the affected party requests a hearing on an order of protection.

¶7        The superior court entered an amended order of protection prohibiting Husband from engaging in "conduct involving the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury," and expressly finding that Husband "pose[d] a credible threat to [Wife's] physical safety." The order restricted Husband's right to possess firearms under Arizona law, *see* A.R.S. § 13-3602(G)(4), and warned that it may be unlawful under federal law for Husband to possess firearms, *see* 18 U.S.C. § 922(g)(8). In a separate hearing order, the superior court found that federal firearm restrictions applied, and it issued a Notice of Brady Indicator.

¶8        Husband timely appealed and we have jurisdiction. A.R.S. §§ 12-2101(A)(1), (A)(5)(b).

**DISCUSSION**

¶9        Husband argues the superior court erred in continuing the order of protection because it did not specify a statutory ground for its finding that Husband committed an act of domestic violence sufficient to trigger an order of protection. He also asserts firearm restrictions were inappropriate because the court did not make an individualized credible threat finding or ask whether Husband owned or possessed firearms.

**I.        Order of Protection**

¶10        We review an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). To issue an order of protection, a superior court must find "reasonable cause to believe . . . the defendant may commit an act of domestic violence," or that "the defendant has committed an act of domestic violence within the past year." A.R.S. § 13-3602(E)(1)–(2). Domestic violence includes a broad range of statutory

offenses like stalking, harassment, assault, and threatening or intimidating. A.R.S. § 13-3601(A). The plaintiff has the burden of proving a statutory ground for domestic violence by a preponderance of the evidence. Ariz. R. Prot. Order P. 38(g)(3). "At the conclusion of the hearing, the judicial officer must state the basis for continuing, modifying, or revoking the protective order." Ariz. R. Prot. Order P. 38(g)(4).

¶11        Husband argues Rule 38(g)(4) requires the court to "pin[] down which statutory offense was committed and trac[e] how the facts aligned with that offense." As detailed below, *infra* ¶¶ 23–26, Husband's briefing cites or quotes from several authorities to support this contention. We have reviewed those authorities. The quotations Husband attributes to the cited cases appear nowhere in the cases. None of the cases stand for Husband's proposition. In fact, several of them contradict it. And two of his citations contain incorrect reporters that refer to entirely unrelated cases.

¶12        The plain text of Rule 38(g)(4) does not require a superior court to specify the statutory offense underpinning a domestic violence finding. The court need only find that an act of domestic violence has occurred or is likely to occur. *See, e.g.*, *Glick v. Glick*, 1 CA-CV 22-0434 FC, 2023 WL 2809203, at *3, ¶ 21 (Ariz. App. Apr. 6, 2023) (mem. decision) ("Here, as Rule 38 requires, the [superior] court stated that . . . an act or acts of domestic violence was the basis for continuing the Order. And that is all that the [superior] court was required to state."). "[W]e may infer additional findings of fact and conclusions of law sufficient to sustain the [superior] court's order as long as those findings are reasonably supported by the evidence, and not in conflict with any express findings." *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998).

¶13        Here, the superior court made specific findings that (1) the video of the confrontation "makes me believe that there was some physical contact," and (2) Wife's testimony about the confrontation was more credible than Husband's. The court explicitly connected those findings to its decision to continue the order of protection.

¶14        Based on those findings and the reasonable evidence in the record, we can infer that the superior court found Husband assaulted Wife. A person commits assault by "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury" or "[k]nowingly touching another person with the intent to injure, insult or provoke such person." A.R.S. § 13-1203(A)(2)–(3). We defer to the superior court's determination that Wife's testimony about the confrontation was more credible than Husband's. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App.

2012). In addition to the parties' testimony, the superior court considered Mother's video exhibit which showed Husband being verbally and physically aggressive. We discern no error in the superior court determining Wife met her burden of proving by a preponderance of evidence that Husband intentionally placed her in reasonable apprehension of imminent physical injury. We therefore affirm the superior court's finding of domestic violence and its decision to continue the order of protection.

## II.    Firearm Restrictions

**¶15**        Husband challenges the Arizona and federal firearm restrictions, arguing they are inappropriate because (1) the court did not make an individualized credible threat finding, and (2) there was no evidence Husband owned, used, or had access to firearms. "We review the application of Arizona and federal law to the facts de novo." *Savord*, 235 Ariz. at 260, ¶ 20 (quoting *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012)) (cleaned up). We affirm a judgment of the superior court if it is correct for any reason. *FL Receivables Tr. 2002-A v. Ariz. Mills, L.L.C.*, 230 Ariz. 160, 166, ¶ 24 (App. 2012).

**¶16**        Under Arizona law, if a court issuing an order of protection "finds that the defendant is a credible threat to the physical safety of the plaintiff," the court may "prohibit the defendant from possessing or purchasing a firearm for the duration of the order." A.R.S. § 13-3602(G)(4). Federal law similarly prohibits a person subject to a protective order from purchasing or possessing a firearm when the protective order either (1) "includes a finding that [the] person represents a credible threat to the physical safety of [an] intimate partner or child," or (2) "by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(i)–(ii). Rule 23(i) thus requires the judicial officer issuing an order of protection to "ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff." Ariz. R. Prot. Order P. 23(i)(1).

**¶17**        In challenging the firearm restrictions, Husband misstates three key facts in the record. First, he asserts the superior court failed to make an individualized credible threat finding to justify imposing firearm restrictions. Not so. The superior court expressly found in its amended order of protection that "Defendant poses a credible threat to the physical safety of Plaintiff." Second, Husband asserts there was no evidence that

Husband owned, used, or had access to firearms, and that Wife never alleged that Husband owned a gun. This is also untrue. Wife's petition alleged that Husband "owns or carries a firearm or other weapons." Third, Husband asserts the court "fail[ed] to ascertain any actual . . . request for a firearm restriction." Wrong. Wife's petition requested that "Defendant should be ordered NOT to possess firearms while this order is in effect." (emphasis in original).

¶18        Husband correctly asserts the superior court failed to conduct a Rule 23(i) inquiry into Husband's use or possession of firearms. This was error, but not a reversible one. Rule 23(i) requires a superior court to "ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons." Ariz. R. Prot. Order P. 23(i)(1). But a Rule 23(i) inquiry is not the sole basis for a court to make a credible threat finding. *See In re Matter of Kahle v. Kahle*, 1 CA-CV 23-0738 FC, 2024 WL 3618436, at *3, ¶ 14 (Ariz. App. Aug. 1, 2024) (mem. decision) (parties' testimony about husband's firearms mooted court's failure to conduct a Rule 23(i) inquiry). Wife's allegation that Husband owns or carries firearms, and the evidence of Husband's threatening behavior, support the court's credible threat finding and the Arizona firearms restriction under Section 13-3602(G)(4). The order of protection also met all requirements under 18 U.S.C. § 922(g)(8)(A)–(B), and thus the credible threat finding triggered federal firearm restrictions under 18 U.S.C. § 922(g)(8)(C)(i).

¶19        Finally, Husband argues the superior court erroneously treated the federal firearm restriction as an automatic consequence of an order of protection. In imposing the federal firearm restriction, the superior court stated: "[T]he Brady Law is a federal requirement that if a hearing is requested on an order o[f] protection and the order is upheld, the firearms must be relinquished . . . so unfortunately, I have no choice, it's mandatory." We take this statement to be a reference to 18 U.S.C. § 922(g)(8)(C)(ii), which provides that an order of protection can trigger federal firearm restrictions when it contains language prohibiting physical force against an intimate partner. Contrary to the superior court's statement, the federal statute does not divest Arizona courts of choosing whether to impose firearm restrictions on a defendant. The Arizona Rules of Protective Order Procedure impose an affirmative requirement for courts to conduct a Rule 23(i) inquiry and make a credible threat finding before restricting a defendant's core constitutional right to bear arms. Ariz. R. Prot. Order P. 23(i). "[W]hile federal laws [generally] control the substantive aspects of federal claims adjudicated in state courts, state rules of procedure . . . apply unless the state rules would affect a substantive federal right." *Shotwell v.*

*Donahoe*, 207 Ariz. 287, 290, ¶ 6 (2004); *cf. Mills v. Rogers*, 457 U.S. 291, 300 (1982) ("[A] State may confer procedural protections of liberty interests that extend beyond those minimally required by the Constitution of the United States.").

**¶20**　　　　But the federal statute expresses a disjunctive requirement—a court may impose a firearm restriction upon either a credible threat finding, 18 U.S.C. § 922(g)(8)(C)(i), or the statutory prohibitory language, *id.* at (ii). Because the superior court here found that Husband posed a credible threat to Wife, the federal firearm restriction was appropriate under 18 U.S.C. § 922(g)(8)(C)(i).

**¶21**　　　　We affirm the Arizona and federal firearm restrictions.

### III.　Husband's Counsel's Brief

**¶22**　　　　As discussed in ¶ 17 *supra*, Husband made several false statements of the record regarding the firearm restrictions. And as noted in ¶ 11 *supra*, Husband's briefing also contained many misleading or incorrect citations. The erroneous citations in particular are so egregious that they bear more attention.

**¶23**　　　　Husband cites *Arjona v. Arjona*, 1 CA-CV 21-0261 FC, 2022 WL 1261283 (Ariz. App. Apr. 28, 2022) (mem. decision) and claims it "emphasiz[es] that a trial court's failure to specify which acts of alleged domestic violence supported its decision undermines meaningful scrutiny on appeal." *Arjona* says nothing of the sort, and did not involve an order of protection or domestic violence. *Arjona* was an appeal of an order denying a mother's motion to alter or amend a legal decision-making decree in a child custody dispute. Beyond that, the cited memorandum decision has been vacated. *Arjona v. Arjona*, CV-22-0119-PR, 2022 WL 16832578 (Ariz. Sept. 2, 2022) (mem. decision).

**¶24**　　　　Husband cites "*Cardoso v. Soldo*, 230 Ariz. 454 (App. 2012)," claiming the court in that case "emphasized that 'some' substantive rational is indispensable, lest the rationale remain hidden and unreviewable." The reporter information in that citation corresponds to the ninth page of *Lund v. Myers ex rel. Cnty. of Maricopa*, 230 Ariz. 445 (App. 2012) which is an opinion of this Court addressing *in camera* review of attorney-client privileged documents. The Arizona Supreme Court vacated that opinion in *Lund v. Myers*, 232 Ariz. 309 (2013). We have also searched *Cardoso v. Soldo*, 230 Ariz. 614 (App. 2012) in vain and it does not support Husband's proposition.

**¶25** Husband cites "*Leon v. Plaza*, 251 Ariz. 575 (App. 2021)" and claims that case upheld an order of protection "precisely because the trial court named a specific incident . . . and explained how that incident satisfied the requirement of a domestic violence offense." The reporter information in that citation corresponds to the second page of *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574 (2021), which is an Arizona Supreme Court case about terminating parental rights. Assuming Husband meant to cite to *Leon v. Plaza*, 2 CA-CV 2021-0111, 2022 WL 703666 (Ariz. App. Mar. 9, 2022) (mem. decision), he incorrectly characterized the case. The superior court there did not explain how the incident constituted a domestic violence offense, nor did it name a qualifying statutory offense. *Id.* at *3, ¶ 11.

**¶26** Finally, Husband cites *Savord v. Morton*, 235 Ariz. 256 (App. 2014) for two quotations: (1) "specific findings assist the appellate court in determining whether the trial court applied the correct legal standard," and (2) that the court emphasized the need for "reasonable evidence of a past act or acts of domestic violence." Neither quotation appears in *Savord*.

**¶27** Regardless of what explanation exists for the errors in Husband's briefing, his counsel has ethical duties of candor to this Court and to certify that representations made to this Court are accurate. Ariz. R. Sup. Ct. 42, ER 3.3; Ariz. R. Civ. P. 11(a); *see also Mangan v. Mangan*, 227 Ariz. 346, 353–54, ¶¶ 29–32 (App. 2011) (sanctioning counsel for misrepresenting the record and relying on inappropriate legal authorities). We forward this decision to the State Bar of Arizona to determine whether counsel violated any rules of professional conduct.

## COSTS ON APPEAL

**¶28** We have discretion to sanction parties and their attorneys for violating the Arizona Rules of Civil Appellate Procedure, and to discourage similar conduct in the future. ARCAP 25; *see also Johnson v. Brimlow*, 164 Ariz. 218, 221–22 (App. 1990). Husband's counsel's misrepresentations of the record and misleading citations to legal authorities violate ARCAP 13(a)(7) (requiring citations to legal authorities and the record).

**¶29** Accordingly, although neither party requests fees or costs on appeal, we conclude that an award of costs to Wife is appropriate as a sanction. *See Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 499, ¶ 60 (App. 2010) (prevailing party can recover costs on appeal even without an adequate ARCAP 21(a) request in the briefs). Husband's counsel shall be solely responsible for Wife's costs on appeal upon Wife's compliance with ARCAP 21(b).

**CONCLUSION**

**¶30**　　　　For the foregoing reasons, we affirm the order of protection and firearm restrictions.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR